UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Leroy Fondren,                                      File No. 24-cv-768 (ECT/JFD)

      Plaintiff,

v.                                                           **OPINION AND ORDER**

Denis McDonough, *Secretary*
*Department of Veterans Affairs*,

      Defendant.

_____

Leroy Fondren, *pro se*.

Trevor C. Brown, Office of the United States Attorney, Minneapolis, MN, for Defendant Denis McDonough.

_____

      Pro se Plaintiff Leroy Fondren worked for the Department of Veterans Affairs. Mr. Fondren brought this case against the Secretary of Veterans Affairs, Denis McDonough, claiming the Department terminated his employment based on his race in violation of Title VII and based on his age in violation of the Age Discrimination in Employment Act. The Secretary has moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). The motion will be granted. Mr. Fondren did not respond to the motion, and his failure to respond will be construed as an abandonment of his claims. Regardless, extra-Complaint materials that may properly be considered at the Rule 12(b)(6) stage show that Mr. Fondren's claims are untimely.

      *The familiar Rule 12(b)(6) standards.* In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all factual allegations in

the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]ourts must not presume the truth of legal conclusions couched as factual allegations." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

*The pro se plaintiff "liberal construction" rule.* Because he is pro se, Mr. Fondren's Complaint is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[H]owever inartfully pleaded," pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson*, 551 U.S. at 94). "[I]f the essence of an allegation is discernible … then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *see also Sorenson v. Minn. Dep't of Corr.*, No. 12-cv-1336 (ADM/AJB), 2012

WL 3143927, at *2 (D. Minn. Aug. 2, 2012). A pro se complaint must contain sufficient facts to support the claims it advances. *Stone*, 364 F.3d at 914.

*The record beyond the Complaint.* Ordinarily, courts do not consider matters outside the pleadings in resolving a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d). If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Id.* But "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" may be considered without converting the motion into one for summary judgment. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)). A charge filed with the Equal Employment Opportunity Commission (or "EEOC"), along with subsequent documents generated during the agency adjudication process, is a "public record and may be considered on a motion to dismiss." *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011); *see also Fromm v. Delta Air Lines, Inc.,* No. 18-cv-3197 (MJD/SER), 2019 WL 4889924 at *5 n.7 (D. Minn. Aug. 26, 2019).

*The Complaint's factual allegations.* Mr. Fondren worked as a nursing assistant at the Minneapolis VA Health Care System for roughly twenty years. Compl. [ECF No. 1] at 5 ¶¶ 10, 6. In 2022, Mr. Fondren sustained bodily injuries in a work-related accident. *Id.* at 5 ¶ 6. Because of his injuries, Mr. Fondren received workers' compensation and was prescribed physical restrictions. *Id.* at 5 ¶¶ 10, 6. Mr. Fondren was reassigned and required

3

to work in the kitchen. *Id.* at 5 ¶ 9. Mr. Fondren was "not allow[ed] to work with [his] restrictions and was told to work without them." *Id.* at 7 ¶ 3. Mr. Fondren was "repeatedly talked down to" and "never talked to with respect" at work. *Id.* at 7 ¶ 5. The Complaint alleges Mr. Fondren was "treated unfairly due to [his] race," and that employees of "a different race" were given "more chances with the same situations." *Id.* at 7 ¶ 4. And the Complaint alleges that management "always harassed" Mr. Fondren about "not being able to do the jobs they wanted [him] to do." *Id.* at 7 ¶ 2. At "a meeting with the VA Medical Center president," Mr. Fondren was told he would be terminated if he did not file for retirement within fourteen days. *Id.* at 5 ¶ 10. Mr. Fondren "was forced into retirement." *Id.* at 7 ¶ 1.

*The administrative process.* Before filing this case, Mr. Fondren exhausted his administrative remedies. Kelly Decl. [ECF No. 12] Ex. A at 1, 9. Mr. Fondren filed his administrative complaint on August 4, 2022. *Id.* Ex. C. The complaint included so-called "mixed" and "non-mixed" claims. As the Sixth Circuit has explained:

> Federal regulations define a "mixed case complaint" as "a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 C.F.R. § 1614.302(a)(1); *see also Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999) (describing mixed case as "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination."). An employee pursuing a mixed case can either file a "mixed case complaint with her agency's EEO office," or a "mixed case appeal directly with the MSPB." *See Butler*, 164 F.3d at 638 (quotations omitted).

4

*Kinney v. McDonough*, No. 21-1414, 2022 WL 223633, at *3 (6th Cir. Jan. 26, 2022). By contrast, an employee pursuing a non-mixed claim chooses to have the claim heard by the employee's agency's EEO office or through a hearing before an EEOC administrative law judge. *See* 29 C.F.R. § 1614.108(f). Mr. Fondren's mixed claim—*i.e.*, his claim of discriminatory discharge—was adjudicated by the Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication (or "OEDCA"). *See id.* Ex. A. On December 14, 2023, the OEDCA ruled that Mr. Fondren failed to prove his termination was motivated by discrimination or retaliation. *Id.* at 9–10. Mr. Fondren's non-mixed harassment claim was similarly unsuccessful. It was dismissed by an administrative law judge on January 3, 2024. *Id.* Ex. F at 8. Mr. Fondren filed this case on March 5, 2024. Compl. at 1.

*The waiver/abandonment problem.* The Secretary filed his Rule 12(b)(6) motion on June 14, 2024. ECF No. 9. Under the Local Rules, Mr. Fondren had twenty-one days to respond to the motion. D. Minn. LR 7.1(c)(2). Mr. Fondren did not respond by that deadline, and he has not responded since. Mr. Fondren's failure to respond to the motion constitutes a waiver, and the motion would be granted on just this basis. *See Daniel v. Honeywell Int'l Inc.*, No. 22-cv-3184 (ECT/DLM), 2023 WL 6392404, at *2 (D. Minn. Oct. 2, 2023) (noting that a failure to respond to a motion "constitutes a waiver"), *aff'd*, No. 23-3476, 2024 WL 3634227 (8th Cir. Aug. 2, 2024); *Hernandez-Diaz v. Equifax Info. Servs.*, No. 22-cv-2302 (JRT/JFD), 2023 WL 2025123, at *2 (D. Minn. Feb. 15, 2023) ("As a preliminary matter, the Court interprets a failure to respond to a motion to dismiss as a waiver and voluntary dismissal of those claims."); *see also Cox v. Harpsted*, No. 22-cv-

5

0478 (PJS/DJF), 2022 WL 16541087, at *1 (D. Minn. Oct. 28, 2022) (accepting report and recommendation and agreeing that the plaintiff's "failure to respond to defendants' motion to dismiss amounts to waiver"); *see also Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726 (D. Minn. 2015) ("Notwithstanding Plaintiff's pro se status, Plaintiff is still bound to comply with the Local Rules of this Court." (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002))).

*The limitations problem.* Mr. Fondren's Complaint in this case challenges only his termination. It alleges his employment was terminated based on his race, color, and age. Compl. at 4–5 ¶¶ 8, 9. The Complaint cannot reasonably be understood to assert harassment or hostile-environment discrimination claims short of termination. The form employment discrimination complaint Mr. Fondren used gave him that opportunity, but he did not check any of those boxes. *See id.* at 4 ¶ 8. Under federal law, Mr. Fondren had thirty days to file a civil action after he received the OEDCA's final decision dated December 14, 2023. 5 C.F.R. § 1201.154(b)(1); 29 C.F.R. § 1614.302(d)(3), 1614.310(a). Though the factual record does not show when Mr. Fondren received the OEDCA's final decision, a five-day window for presumed receipt of agency documents is "generous." *Frazier v. Vilsack*, 419 F. App'x 686, 689 (8th Cir. 2011); *see also Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018) (three-day presumption); *Paul v. Scheel All Sports*, No. 23-cv-0631 (PJS/DTS), 2023 WL 4421578, at *1 (D. Minn. July 10, 2023) (five-day presumption). Mr. Fondren thus is presumed to have received the OEDCA's final decision by December 19, 2023, but he did not file this case until March 5, 2024. That is more than one month late.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant's Motion to Dismiss [ECF No. 9] is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: November 4, 2024

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court